

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

CHESTER L. BIRD, *et al.*,

    Plaintiffs,

vs.

STATE OF WYOMING, *et al.*,

    Defendant.

Case No.  22-CV-152-NDF

OPINION AND ORDER ON PLAINTIFF CHESTER L. BIRD'S MOTION (ECF 53)
FOR RELIEF FROM ORDER AND
AMENDING FILING RESTRICTIONS

This matter is before the Court on Plaintiff Chester L. Bird's response (ECF 51) to the October 20, 2022 show cause order and his motion (ECF 53) for relief from the November 8, 2022 order imposing further filing restrictions ("Filing Restrictions Order"). As follows, the Court largely denies the motion but grants it in part to narrow the filing restrictions to pro se habeas petitions and lawsuits regarding conditions of confinement.

I.    *Procedural History: the Timing of Bird's Response to Show Cause*

Under the October 20 Order, Plaintiff's response to show cause why the Court should not impose further filing restrictions was due by November 3, 2022. His response was dated as of that day but was filed five days later on November 8, 2022. Plaintiff later mailed a motion for relief from the filing restrictions order. ECF 53. In that motion, Plaintiff represents that he timely submitted his response to the librarian at the Wyoming

Medium Correctional Institute ("WMCI") per the procedure for inmates at WMCI to e-file in this Court. He did not receive a notice of electronic filing, and states that he followed up with library staff on November 7, 2022. After the Court issued the order imposing filing restrictions, Bird e-filed his response that same day, retaining its date of November 3, 2022.

The Court is skeptical of Bird's assertion that WMCI librarians mishandled his filing. He does not explain, for instance, why he did not immediately follow up when he did not receive a notice of electronic filing. He waited until November 7 to follow up and does not explain whether he resubmitted the filing to the librarian that day. Nonetheless, given that further filing restrictions are at issue, the Court will consider Bird's response and does not require him to meet the higher standard of a motion to reconsider.

Defendant Ross filed a response to Bird's motion for relief from the Filing Restrictions Order. ECF 56. Ross supports the Filing Restrictions Order and argues that Bird's motion does not show relief is warranted. Bird has filed a reply in support of his motion. ECF 59. The motion is therefore fully briefed.

II.   *Analysis*

In his motion, Bird argues two issues regarding the filing restrictions and asks the Court to instead just give him a "final warning" instead of imposing any further restrictions.

The October 20 Order states the standard for imposing filing restrictions in some detail, and it is incorporated by reference here. As a summary, the Tenth Circuit requires three elements:

> [f]iling restrictions are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its

permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented.

*Crownhart v. Buck,* 20-1410, 2021 WL 4595169, at *3 (10th Cir. Oct. 6, 2021) (citing *Ysais v. Richardson,* 603 F.3d 1175, 1180 (10th Cir. 2010)). *See also Tripati v. Beaman,* 878 F.2d 351, 353-54 (10th Cir. 1989). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the district court in curbing the particular abusive behavior involved." *Id.* at 352 (quotation marks omitted). But the restrictions must still allow the litigant to have meaningful access to the Court. *Id.* (quoting *Cotner v. Hopkins,* 795 F.2d 900, 902-03 (10th Cir. 1986)).

First, Plaintiff argues that the proposed restrictions are overbroad, citing *Kraft v. Hatch,* 853 F. App'x 261, 267 (10th Cir. 2021). In that case, the restricted filer (Kraft) was not a prisoner and had only engaged in abusive filings against a handful of parties regarding one subject: a default judgment in a prior action and attempts to collect on it. The district court entered filing restrictions that precluded Kraft from filing any further pro se litigation in the district, regardless of the subject. The Tenth Circuit modified those restrictions to regard only the subject in which Kraft had been abusive and otherwise affirmed.

Here, Bird is a state prisoner serving a life sentence without the possibility of parole. Accordingly, it is difficult to imagine that Bird will have any occasion to bring a federal court action regarding anything other than his conditions of confinement or a habeas proceeding. Nonetheless, the Court will clarify that the filing restrictions regard those subjects.

Second, Plaintiff argues that in one appeal, he "secur[ed] a reversal of this Court on at least one occasion and have successfully negotiated a settlement with Corizon Health, Inc." He cites *Bird v. Lampert,* 839 F. Appx 218 (10th Cir. 2020). But as the October 20, Order noted, in that case Bird only obtained partial reversal, requiring his state law claim to be dismissed without prejudice or remanded to state court instead of dismissal with prejudice. This did not result in a resolution favorable to Bird in this Court.

As for Bird's assertion of a settlement with Corizon, he does not point to where this appears in a case docket in this Court. Taking the assertion as true, a settlement is not a favorable judicial resolution for Bird, and it does not infer that a claim was meritorious. Parties can choose to settle non-meritorious claims for any number of reasons, including to have peace and avoid the costs of further litigation.

Finally, Bird's request to only issue a "final warning" and not impose the further filing restrictions rings hollow. Bird does not dispute that he has continued to file habeas proceedings without exhausting his state remedies, despite being informed that this is required. He also does not dispute that he has continued to file actions against prison officials and Corizon employees that did not plausibly allege personal participation, despite knowing this is a requirement of the claim. Nor does he dispute that he continues to file multiple actions regarding the same transaction despite knowing that res judicata bars such attempts. Indeed, Bird's reply perpetuates this behavior in extensively arguing his separate case of 21-cv-139-S, including a production of emails he asserts he has received relating to his claims in that case and accusing Defendants' counsel of not being honest in their arguments in that case. ECF 59. Based on Bird's description of the emails, they have

4

nothing to do with his claims in this case. Moreover, Chief Judge Skavdahl has denied Bird's motion for relief in that case. *See* 21-cv-139-S, ECF 46, Order dated October 27, 2022. Bird seems unable to resist continuing to pursue claims that have been dismissed or are the subject of separate cases.[1]

Nor is the Court persuaded that Bird attempted to timely comply with the deadline to show cause. As noted above, there are significant holes in Bird's explanation of the five-day delay.

Combined with the large number of Bird's prior actions that the Court has found frivolous or failing to state a claim, these circumstances lead the Court to conclude that nothing short of the filing restrictions it imposed on November 8, 2022 is likely to be effective. A "final warning" is likely to have no more effect on Bird's abusive filings than the show cause order did.

Moreover, the Tenth Circuit's oft-repeated standards for filing restrictions only require an opportunity for Bird to be heard before imposing appropriate filing restrictions, not prior warnings. Indeed, in the case that Bird cites in his response, the opinion reflects the litigant was previously warned only that noncomplying documents would be stricken. *Kraft*, 853 F. App'x at 262. It does not reflect any prior warnings that he could be restricted from further pro se litigation on the same subject. Similarly, in *Ford v. Pryor,* 552 F.3d 1174, 1181 (10th Cir. 2008), the Tenth Circuit imposed filing restrictions against further

---

[1] Bird's separate motion for reconsideration (ECF 50) in this case and his motion for relief in 21-cv-139-S also make unmeritorious accusations of dishonesty or false statements by opposing counsel. See this Court's order denying ECF 50 issued this same day; 21-cv-139-S, ECF 46, Order dated October 27, 2022 denying motion for relief. Bird makes similar accusations in the amended complaint (ECF 33 ¶¶ 93, 95), and in his reply for his present motion (ECF 59 at 4) that are extraneous to his claims. This only adds to the abusive nature of Bird's pro se litigation.

pro se litigation on the same subject as Ford's prior appeals without noting any prior warning. *See, e.g., Ford v. Pryor,* Case No. 08-2034, *slip. op.* Jan. 5, 2009 (unpublished order overruling objections and imposing filing restrictions). *See also Tso v. Murray,* 822 F. App'x 697, 700-01 (10th Cir. 2020) (affirming filing restrictions imposed after litigant filed fourth civil action regarding the same subject, no mention of prior warnings); *Tripati,* 878 F.2d 351, *passim* (no mention of prior warnings, affirming scope of filing restrictions on prisoner and reversing in part only due to lack of instructions how the litigant could obtain court approval for future cases). In short, Bird does not point to any legal or factual reason why the Court should just give a final warning instead of imposing the filing restrictions it proposed.

The Court further finds that there is no other effective, lesser sanction than the filing restrictions that the Court has imposed. Given the large number of times that Bird has paid the full filing fee on his cases – despite losing the great majority of them at the initial screening and Rule 12 phase – the Court believes monetary sanctions are not likely to deter him from continuing to file meritless, abusive litigation against prison officials and healthcare providers.

Finally, the Court notes that the filing restrictions do not preclude Bird from filing a pro se civil action or habeas petition if he meets the criteria that the Court has set. In particular, the criteria the Court requires Bird to meet in order to file another pro se civil action are necessary. Requiring specific, credible allegations of imminent danger of serious physical harm for a civil action ensures Bird still has meaningful access to the Court and is consistent with the restrictions imposed by the "three strikes" rule of § 1915(g). The

specific, credible allegations of administrative exhaustion are necessary because in this action Bird affirmatively alleges that the WDOC administrative remedy is a "dead end," and he unilaterally chose not to follow the administrative process before filing suit. This defeats the purposes of the PLRA. *See, e.g., Woodford v. Ngo,* 548 U.S. 81, 93-94 (2006) (purposes include eliminating unwarranted federal-court interference in state prison administration and improving the quality of prisoner lawsuits). A notarized affidavit certifying the complaint is not brought for any improper purpose under Federal Rule of Civil Procedure 11 is necessary as a "stop and think" step for Bird. Bird's track record demonstrates that he has not heeded Rule 11's provisions to date.

In his reply, Bird asserts that the requirement of specific, credible allegations of imminent danger of serious physical harm will freeze him out of court. But the example he gives of an allegedly meritorious claim that he would be frozen out of bringing itself shows why this further restriction is necessary. Bird claims that he would have a meritorious claim against Director Shannon "for implementing [in March 2021] the unconstitutional policy to exclusively utilize the Janssen Vaccine at the WMCI in order to move prisoners through the system and bring in more from the county jails." ECF 59 at 3. He also asserts that WMCI delayed vaccinating prisoners for 16 days for the same purpose. *Id.* at 2. Plaintiff asserts the policy was deliberately indifferent to his health and safety because it contravened recommendations of the CDC and sound medical practice, pointing to the lower efficacy rate of the Janssen vaccine compared to the Moderna. *Id.* at 3.

But Plaintiff already brought an action (21-cv-139-S) regarding the administration of the Janssen vaccine at WMCI. He also brought another action (this one) regarding the

alleged falsification of the date he received that vaccine. Plaintiff has been informed by prior orders that res judicata bars any claim regarding the same transaction or occurrence that he could have brought in an earlier action. The relative efficacy rates of the COVID-19 vaccines have been known since they were authorized; Plaintiff did not need the email production to bring such a claim in his existing action. He could have brought the proposed new claim in 21-cv-139. Thus, Plaintiff's example of a purportedly meritorious claim that he will be prevented from filing instead demonstrates his continuing desire to file actions that he knows (or should know) are barred. His reply only underscores the need for the filing restrictions that the Court imposed.

III.     *Conclusion*

Bird's motion (ECF 53) for relief from the Filing Restrictions Order is GRANTED IN PART and DENIED IN PART, consistent with the foregoing, and the Filing Restrictions Order is amended to add the text in italics:

Accordingly, the Court amends the filing restrictions it imposed on November 8, 2022 to the following:

Bird is prohibited from filing any further pro se litigation *relating to the conditions of his confinement (whether against the state, the Wyoming Department of Corrections, WDOC officers, contracted healthcare providers or healthcare providers' employees and officers)* or habeas proceedings absent the Court's prior approval. The Court will only approve such further pro se civil actions by Bird if he makes (a) specific, credible allegations of imminent danger of serious physical harm; (b) specific, credible allegations

that he has exhausted all available administrative remedies; and (d) a notarized affidavit that the complaint complies with Federal Rule of Civil Procedure 11.

Moreover, the Court will only approve further pro se habeas petitions if Bird presents an order from the Tenth Circuit under 28 U.S.C. § 2244 permitting him to file a second or successive petition, pays the filing fee, uses a Court-approved form of habeas petition, alleges all facts necessary to determine whether the petition is timely under 28 U.S.C. § 2244(d), and includes a notarized affidavit that the petition is not presented for any improper purpose, including harassment.

Any conditions of confinement complaints or habeas petitions by Bird that do not meet these requirements will be summarily dismissed.

IT IS SO ORDERED this 8th day of December, 2022.

_Nancy D Freudenthal_
NANCY D. FREUDENTHAL
UNITED STATES SENIOR DISTRICT JUDGE